**Christopher John BOYCE,
Petitioner–Appellant,**

v.

**John ASHCROFT,\* Attorney General of the United States; John Hurley, Warden, U.S. Penitentiary, Administrative Maximum Security, Florence, Colorado, Respondents–Appellees.**

No. 98–1280.

United States Court of Appeals,
Tenth Circuit.

June 4, 2001.

---

\* Pursuant to Fed.R.App.P. 43(c)(2), John Ashcroft is substituted for Janet Reno, Attorney General, as a defendant in this action.

Sam S. Sheldon, La Jolla, CA, for Plaintiff–Appellant.

Kathleen L. Torres, Assistant United States Attorney (Thomas L. Strickland, United States Attorney, with her on the brief), Denver, CO, for Defendants–Appellees.

Before EBEL and LUCERO, Circuit Judges, and VRATIL,** District Judge.

VRATIL, District Judge.

Petitioner-appellant Christopher · John Boyce, a federal prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2241, ordering defendants to transfer him to the federal prison in Sheridan, Oregon. Petitioner asserts that defendants transferred him from a state prison in Minnesota to the ultra-maximum federal penitentiary in Florence, Colorado in retaliation for his exercise of First Amendment rights, and that conditions at Florence violate his Eighth Amendment rights. The district court dismissed the petition without prejudice, finding that petitioner is not attacking the legality of his custody or seeking release from illegal custody, but seeking a transfer to a specific federal prison, and that such relief is not cognizable in habeas corpus. For reasons set forth below, we affirm.

### *Factual Background* [1]

In 1977, a federal judge sentenced petitioner to a 40–year term of imprisonment for espionage, in violation of 18 U.S.C. § 794. In January 1980, petitioner escaped from the Federal Correctional Institution ("FCI") at Lompoc, California. Law enforcement officials apprehended petitioner in August of 1981 and returned him to federal custody. A federal court convicted him of 16 counts of armed robbery and related violations which petitioner had committed while in escape status,

and the court sentenced him to an additional 28 years. The Bureau of Prisons ("BOP") then incarcerated petitioner at the United States Penitentiary ("USP") at Leavenworth, a level five facility.

In 1982, three members of the Aryan Brotherhood attacked petitioner. For his protection, the BOP transferred him to the USP at Marion, Illinois, a level six facility. Six years later, in 1988, the BOP transferred petitioner to Oak Park Heights ("OPH"), the most secure state prison in Minnesota. In 1997, petitioner's case manager, with petitioner's agreement, requested that the BOP transfer petitioner to the FCI at Sheridan, Oregon, a medium security institution. A BOP community corrections manager forwarded the request and also recommended placement at Sheridan. The BOP, however, denied the transfer.

Shortly after the BOP denied the transfer, petitioner submitted a newspaper article which the Minneapolis Star Tribune published on February 15, 1998. The article, entitled "Locked up, Still a Killer," advocated execution of Craig Bjork, a state inmate at OPH, and any other prisoner who had been convicted of murder. The article also detailed conditions of confinement at OPH. In response, state prison officials asked the BOP to transfer petitioner elsewhere. Petitioner claims that the transfer request was in retaliation for the article, while defendants assert that petitioner was no longer safe at OPH. In any event, on March 10, 1998, the BOP

---

** The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

1. The facts are based primarily upon petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241.

transferred petitioner to the ultra-maximum federal penitentiary at Florence, Colorado.

Two weeks later, on March 26, 1998, petitioner filed this application for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner asserts that the transfer violated his First and Eighth Amendment rights. Petitioner notes that Florence is the most secure federal penitentiary in the United States. Inmates are locked down in single cells 24 hours a day, with 7.5 hours a week in individual recreation cages. Petitioner, age 47, has had only three minor infractions in his last 19 years of incarceration. He is eligible for placement in a half-way house in September 2002. At Marion, petitioner had daily access to a phone and "contact" personal visits. At OPH, he had daily interaction with other inmates for 15 hours a day, daily use of a telephone, a word processor in his cell, daily use of a track and gym, contact personal visits and legal visits. Plaintiff argues that defendants have no security or safety reasons to place him in what is essentially solitary confinement at Florence, and that defendants are punishing him for exercising his First Amendment rights.

### Analysis

■ The threshold issue is whether the district court properly found that under 28 U.S.C. § 2241 it lacked jurisdiction to decide whether defendants had violated the First and Eighth Amendment rights of plaintiff when they transferred him from a state prison to an ultra-maximum federal prison. This case raises important questions about the precise line between habeas corpus actions and claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Generally, because they contest the fact or duration of custody, prisoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–88, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens.*

The more common habeas petitions are those which challenge the validity of a conviction and/or sentence under 28 U.S.C. § 2254 (by prisoners in state custody) or 28 U.S.C. § 2255 (by prisoners in federal custody). Petitions under Section 2255 must be filed in the district in which petitioner was convicted and sentenced. In this case, however, petitioner proceeds under 28 U.S.C. § 2241, which allows him to attack the execution of a sentence in the district where he is confined.[2]

---

**2.** 28 U.S.C. § 2241 provides as follows:

*Power to grant writ*

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

In *Preiser* the Supreme Court appeared to draw a line between civil rights claims and habeas actions when it ruled that prisoners could not seek restoration of good time credits under Section 1983. The Court noted that Section 1983 is a proper vehicle by which to challenge conditions of confinement, but that demands to restore good time credits are within the core of habeas because they attack the duration of the prisoner's physical confinement. 411 U.S. at 485–89, 93 S.Ct. 1827. In dicta, however, the Court suggested that habeas might also provide a remedy for a challenge to conditions of confinement.[3] Given this suggestion, circuit and district courts have struggled for 27 years to ascertain exactly what line the Supreme Court intended to draw between habeas and civil rights actions.

Petitioner argues that the *Preiser* dicta supports his jurisdictional claim and that Section 2241 affords relief on a claim that an inmate is held in an unconstitutional place of confinement. Petitioner also relies upon *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), in which a state prisoner filed a motion in federal court attacking his confinement in maximum security as punishment for assisting other inmates with legal matters in violation of prison regulations. The district court treated the motion as a writ of habeas corpus and ordered petitioner released from maximum security. *See id.* at 484, 89 S.Ct. 747. The Sixth Circuit reversed, concluding that the regulation did not conflict with the right of habeas corpus. *See id.* at 485, 89 S.Ct. 747. The Supreme Court then reversed, holding that a state may not bar inmates from assisting

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order·or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

3. The *Preiser* Court stated:

[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.... This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. But we need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983. That question is not before us.

411 U.S. at 498–99, 93 S.Ct. 1827 (internal citations omitted).

other inmates on legal matters unless it provides a reasonable alternative. *See id.* at 490, 89 S.Ct. 747. The Supreme Court did not address whether the matter was properly raised in a habeas petition, and defendants contend that *Johnson* does not stand for the proposition that prisoners may raise conditions of confinement claims in habeas. *See United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (case that does not address jurisdiction cannot be used as precedent for finding jurisdiction).

Petitioner also relies on *In re Bonner,* 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894), in which a federal inmate claimed that he was illegally sentenced to serve his sentence in a state facility. Defendants characterize *In re Bonner* as a traditional attack on the "fact" of confinement in a particular institution where the inmate claims that the facility has no jurisdiction over him. Defendants point out that by contrast, petitioner in this case disputes the BOP decision to house him in a particular facility within its jurisdiction, but not the underlying legality of federal custody. Further, in *Bonner,* the Supreme Court did not address whether the matter was properly raised in a habeas petition.

Petitioner relies in particular upon *Montez v. McKinna,* 208 F.3d 862, 864 (10th Cir.2000), in which a panel of this Court allowed a state prisoner pursuant to Section 2241 to challenge his transfer from a state prison in Wyoming to a private prison in Texas and then to a private prison in Colorado. In *Montez,* the prisoner alleged that the transfers violated, *inter alia,* his constitutional rights under the Commerce and Supremacy Clauses and the Fifth and Fourteenth Amendments. The panel noted that petitioner challenged the location of his confinement, not the conditions of confinement, and that he thus properly brought the claim under Section 2241. *See id.* at 865.

Petitioner also relies upon an unpublished decision of this court, *Cooper v. McKinna,* No. 99–1437, 2000 WL 123753 (10th Cir. Feb.2, 2000), in which a state prisoner filed a Section 2241 petition which alleged that Colorado state prison officials had illegally transferred him to private out-of-state facilities to serve portions of his state sentence. The panel found that the prisoner had properly filed his action under Section 2241 and then determined that he had failed to exhaust his state remedies. Defendants counter that *Montez* and *Cooper* dealt only with interstate transfers of state prisoners, and that we did not characterize those cases as ones which challenged conditions of confinement but rather as claims which attacked the execution of a sentence, more precisely, the fact and duration of confinement in a particular state. *See Montez,* 208 F.3d at 865. Defendants also argue that based upon *McIntosh v. United States Parole Comm'n,* 115 F.3d 809 (10th Cir.1997), this case is not properly brought under Section 2241.

In *McIntosh,* the district court dismissed a Section 2241 petition in which a federal prisoner challenged the Parole Commission's decision to revoke his parole. On appeal, because the petitioner sought to proceed *in forma pauperis,* we first addressed whether the proceeding was a civil action and thus subject to the filing fee obligations of 18 U.S.C. § 1915. Relying on *United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir.1997), which had held that habeas corpus proceedings under Sections 2254 and 2255 are not civil actions under the Prison Litigation Reform Act, we found that for the purposes of Sections 1915(a)(2) and (b), proceedings under Section 2241 are not civil actions. We reasoned that the fundamental purpose of a

Section 2241 proceeding is the same as that of a Section 2254 or Section 2255 proceeding, "an attack by a person in custody upon the legality of that custody," and noted that "the traditional function of the writ is to secure release from illegal custody." *McIntosh,* 115 F.3d at 811 (quoting *Preiser,* 411 U.S. at 484, 93 S.Ct. 1827). In doing so, we rejected the Seventh Circuit view that a Section 2241 action may properly challenge conditions of confinement. *See Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir.1996) (holding that § 2241 petition was mislabeled § 2255 action, and finding that § 2241 action is functional stage in the criminal proceeding), *overruled by Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000). We reasoned as follows:

> [A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, this does not make § 2241 actions like "conditions of confinement" lawsuits, which are brought under civil rights laws. A habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *Rhodes v. Hannigan,* 12 F.3d 989, 991 (10th Cir.1993).... Thus, a § 2241 action challenging prison disciplinary proceedings, such as the deprivation of good-time credits, is not challenging prison conditions, it is challenging an action affecting the fact or duration of the petitioner's custody. Section 2241 actions are not used to challenge prison conditions such as "insufficient storage locker space ... and yes, being served creamy peanut butter." ... the essential

nature of all § 2241 actions is a challenge to federal custody.

*McIntosh,* 115 F.3d at 811–12 (citing *Falcon v. United States Bureau of Prisons,* 52 F.3d 137, 138 (7th Cir.1995) (if prisoner seeks "quantum change" in level of custody, such as freedom, remedy is habeas corpus; if he seeks different program, location or environment, challenge is to conditions rather than fact of confinement and remedy is under civil rights law)) (further citations and quotations omitted).

Defendants also cite *Rael v. Williams,* 223 F.3d 1153 (10th Cir.2000), in which a state prisoner challenged his confinement in a private prison, asserting that officials had violated his due process and equal protection rights, as well as his rights under the First and Eighth Amendments. In *Rael* we stated that:

> [t]hough the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. We have endorsed this distinction and have recognized that federal claims challenging the conditions of confinement generally do not arise under § 2241.

223 F.3d at 1154 (citing *McIntosh, supra; Carson v. Johnson,* 112 F.3d 818, 820–21 (5th Cir.1997) (if favorable determination would not automatically entitle prisoner to accelerated release, proper vehicle is § 1983 and not § 2254)). In *Rael* we also stated that "[u]nder *Montez,* the fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim, though it may be raised procedurally under § 2241." 223 F.3d at 1154.

Defendants argue that *Rael* leads to the conclusion that an inmate may invoke Section 2241 to challenge a sovereign's authority to detain him under any

circumstances, but that if a prisoner wishes to address a decision to place him in a particular facility or attack the conditions that result from such a placement, he must bring a civil rights action. We agree.

 *Montez* and *Cooper* do not persuade us that Section 2241 affords petitioner an appropriate procedure in which to attack the constitutionality of his transfer to Florence. Those cases in fact are distinguishable because they involved state prisoners who were challenging the fact of incarceration in states other than those in which they had been convicted and sentenced. In other words, they were challenging a state's authority to imprison them in another state. Their claims were properly raised under Section 2241 because they challenged the *fact or duration of custody in a particular state.* Similarly, *Rael* involved a state prisoner who was challenging the fact of incarceration in a private prison. His claim was properly raised under Section 2241 because he challenged the fact or duration of custody by the incarcerating entity. In contrast, in the case before us, petitioner is a federal prisoner who is challenging the BOP's choice of prisons. He does not challenge the fact or duration of his federal custody but rather his conditions of confinement. His claim is therefore properly raised under *Bivens* and not in habeas.[4]

In sum, Section 2241 may be used to challenge the underlying authority of an entity to hold a prisoner in custody, whether that entity is a separate jurisdiction or a private company. It may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system. Such an action must

instead be brought under *Bivens* or Section 1983.

We hold that petitioner may not raise his challenges to conditions of confinement in a Section 2241 petition. The order of the district court is therefore **AF-FIRMED.**

---

4. Petitioner indeed has filed a *Bivens* action, seeking an injunction which directs the BOP

to transfer him to FCI Sheridan.